# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JZCHAK N. WAJCMAN dba BILL LAWRENCE PRODUCTS and dba BILL LAWRENCE GUITAR PICKUPS,<br><br>    Plaintiff,<br>vs.<br><br>WILLI LORENZ STICH, an individual,<br><br>    Defendant. | CASE NO. 05cv1200-LAB (CAB)<br><br>**ORDER DENYING PLAINTIFF'S TRO APPLICATION**<br><br>[Dkt No. 79] |

On November 17, 2006, the court convened the hearing of plaintiff's Application For Temporary Restraining Order ("Application") in this trademark infringement and unfair competition action. Darren J. Quinn, Esq. appeared on behalf of plaintiff. Edward J. McIntyre, Esq. appeared on behalf of defendant. Plaintiff seeks to enjoin defendant, as long as the merits of this case remain decided, from contacting eBay to complain that plaintiff's customers are selling "Bill Lawrence" products on eBay in violation of defendant's purportedly exclusive right to that mark. The automatic consequence of the complaints is that eBay removes such listings based on that claim. For the reasons more fully developed on the record at the hearing, the Application is **DENIED**.

Preliminary injunctive relief is properly granted under FED. RULE CIV. P. 65 if the moving party shows either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir.

1 1999); *see also* Southwest Voter Registration Educ. Project v. Shelley, 344 F.3d 914, 917 (9th Cir.
2 2003); Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003). "These
3 two formulations represent two points on a sliding scale in which the required degree of irreparable
4 harm increases as the probability of success decreases." Roe v. Anderson, 134 F.3d 1400, 1402 (9th
5 Cir. 1998). Even if the court is uncertain of the moving party's likelihood of success on the merits,
6 a TRO may still issue if the moving party convinces the court that the balance of hardships tips in its
7 favor. Shelley, 344 F.3d at 917; *see* Nat'l Center for immigrants Rights, Inc. v. INS, 743 F.2d 1365,
8 1369 (9th Cir. 1984) ("the greater the relative hardship to the moving party, the less probability of
9 success on the merits must be shown"). The court may also consider the public interest in granting
10 a TRO. Shelley, 344 F.3d at 917. In addition, in this case, prior restraint considerations impacting
11 commercial speech rights affect the analysis.

12 The court considers plaintiff is exposed to irreparable harm in his commercial relationships
13 if defendant persists in reporting to eBay instances of "Bill Lawrence" product offerings by vendors
14 who purchase plaintiff's "Bill Lawrence" goods for distribution through eBay and if plaintiff
15 ultimately prevails. However, ownership of the mark is the dispositive issue in this case. Competing
16 evidentiary submissions and document disputes suggest a factfinder will be needed to resolve at least
17 some if not all of the parties' disputes, as will become clearer when the court issues its summary
18 judgment ruling. Serious questions of law are presented by the Application, but the state of the
19 evidentiary disputes prevents any principled finding of which side is most likely ultimately to prevail
20 on the merits. In addition, First Amendment commercial speech and prior restraint issues are raised
21 by the request to enjoin defendant from communicating to eBay the existence of a mark he holds to
22 the "Bill Lawrence" name, even though the extent of that mark and the viability of his asserted right
23 to exclusive use is not clear, and even though plaintiff is pursuing his own registration of the "Bill
24 Lawrence" mark in on-going adversary proceedings which could result in cancellation of defendant's
25 mark. In the meantime, defendant appears to hold the registration he has reported to eBay. Defendant
26 represents he has been reporting his complaints to eBay since he began to participate in an eBay
27 program of ownership rights reporting in 2003, although plaintiff represents eBay's listing or account
28 / / /

1 removal sanction has only recently been implemented against plaintiff's vendor customers, triggering
2 the Application.

3      Despite the serious repercussions for plaintiff's customers and plaintiff's commercial
4 relationships flowing from defendant's conduct, applying the standards for according injunctive relief,
5 the court is unable to conclude plaintiff has carried his burden to justify the issuance of a restraining
6 order to forbid defendant from complaining to eBay about plaintiff's "Bill Lawrence" product listings
7 while the ownership rights to that mark remain in dispute.  Accordingly, the Application is **DENIED**.

8      **IT IS SO ORDERED**.

9 DATED:  November 17, 2006

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge