FILED

2006 NOV 28 AM 9: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JZCHAK N. WAJCMAN dba BILL LAWRENCE PRODUCTS and dba BILL LAWRENCE GUITAR PICKUPS,<br><br>Plaintiff,<br>vs.<br><br>WILLI LORENZ STICH, an individual,<br><br>Defendant. | CASE NO. 05cv1200-LAB (CAB)<br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>[Dkt No. 49] |

This trademark infringement and unfair competition action is before the court on plaintiff and counter-defendant Jzchak N. Wajcman's ("Wajcman") Motion For Partial Summary Judgment ("Motion"). The court convened the motion hearing on October 30, 2006, then took the matter under submission. Darren J. Quinn, Esq. appeared for Wajcman. Edward J. McIntyre, Esq. appeared for defendant and counter-claimant Willi Lorenz Stich ("Stich"). For the reasons discussed below the Motion is **DENIED**.[1]

I. BACKGROUND

The parties to this action are two former partners in "guitar pickup" and related products and services businesses with a decades-long history of joint or overlapping commercial activity associated with the trade name "Bill Lawrence." The parties are thoroughly familiar with the extensive

---

[1] This ruling is further informed by the parties' evidence and arguments associated with the hearing on November 17, 2006 of Wajcman's unsuccessful Application For Temporary Restraining Order.

arguments, evidence, and objections to evidence from both sides. Defendant Stich claims "Bill Lawrence" as his own name and substantiates he has a registered service mark in the name. Plaintiff Wajcman claims he acquired exclusive rights to the "Bill Lawrence" trademark and trade name through purchase of that asset from a successor in interest after Stich had assigned away his rights to the name, which ultimately devolved to a bank in satisfaction of a security interest on defaulted loans, then to a company owned by Wajcman, then to Wajcman personally. His Complaint alleges five causes of action: Federal Unfair Competition -- False Designation of Origin (15 U.S.C. § 1125(a)); Federal Unfair Competition -- False or Misleading Description or Representation of Fact (15 U.S.C. § 1125(a)); California Trademark Infringement (CAL. BUS. & PROF.CODE §§ 14200, *et seq.)*; Statutory Unfair Competition (CAL. BUS. & PROF.CODE §§ 14200, *et seq.*); and Common Law Trademark Infringement. Stich filed a Counterclaim along with his Answer, alleging nine causes of action: Trademark Infringement; Federal Unfair Competition -- False Designation of Origin (15 U.S.C. § 1125(a)); Federal Unfair Competition -- False or Misleading Description or Representation of Fact (15 U.S.C. § 1125(a)); Infringement of Common Law Rights; False Designation of Origin; Dilution of Mark; Unfair Business Practices (CAL. BUS. & PROF.CODE §§ 17200, *et seq.*); Unauthorized Use of Name (CAL. CIV. CODE § 3344); and Conversion. Both sides seek monetary and injunctive relief.

The great volume of filings from both sides foreshadows the result reached in this ruling. Multiple triable issues of material fact must be resolved before the dispositive question raised in this Motion and by this case can be answered: who owns the "Bill Lawrence" trade name/mark? Each party has produced registrations or attempted registrations of the name and acknowledges the competing registration issues are the subject of on-going adversary proceedings in the USPTO.

The parties' Joint Statement Of Undisputed Facts lists 20 facts they agree are undisputed for purpose of deciding the Motion. In particular, the parties agree: Wajcman has a California trademark registration for "Bill Lawrence" for "Electronic Sound Pickup for guitars" (Undisputed Fact # 59); Wajcman filed a federal trademark application for "Bill Lawrence" for "Musical instruments and accessories, namely guitars and electronic sound pickup for guitars" (Undisputed Fact # 60); Stich has a federal trademark registration for the service mark "Bill Lawrence" for "technical consulting in the nature of design and evaluation of stringed musical instruments, namely, pickups, strings and bridges"

(Undisputed Fact # 67); and on May 27, 2004, Wajcman filed an application with the USPTO for a federal trademark in the mark "Bill Lawrence" (Undisputed Fact # 68). The latter application has been suspended while the cancellation issues are addressed in agency proceedings.

## II. DISCUSSION

### A. Legal Standards

#### 1. Summary Judgment

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. ("Rule") 56(c); see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001). A fact is material if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The non-moving party's evidence is to be believed, with all justifiable inferences drawn in his favor. Id.

The moving party bears the initial burden of identifying the elements of the claim which that party "believes demonstrates absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. Id. at 324; Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Arpin, 261 F.3d at 919. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.' In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir. 2000), quoting Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).

To successfully rebut a properly supported summary judgment motion, a party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inference made in the [the non-moving party's] favor, could convince a reasonable jury to find for [the non-moving party]." Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000), citing, inter alia, Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 252. Accordingly, the nonmoving

party cannot oppose a properly supported summary adjudication motion by "rest[ing] on mere allegations or denials in his pleadings," but rather must go beyond the pleadings to designate specific facts showing that there are genuine factual issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 256, 250. There is no genuine issue for trial if, on the record as a whole, a rational trier of fact could not find in favor of the party opposing the motion under governing law, and the movant is entitled in that case to judgment as a matter of law. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Celotex, 477 U.S. at 325; Anderson, 477 U.S. at 250-251 (summary judgment must be entered "if, under the governing law, there can be but one reasonable conclusion as to the verdict"). In considering the motion, the non-movant's evidence is to be believed and all justifiable inferences are to be drawn in his or her favor. Anderson, 477 U.S. at 255.

Determinations regarding credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions, and are not appropriate for resolution by the court on a motion for summary judgment. Id.; see Time Oil Co. v. Cigna Property & Cas. Ins. Co., 743 F.Supp. 1400, 1416 (W.D.Wash. 1990) ("At this stage of the proceeding, the court is not permitted to weigh the evidence, pass on credibility, or speculate as to the ultimate findings of fact"), *citing* Aronsen v. Crown Zellerbach, 662 F.2d 584, 591 (9th Cir.1981). Both a moving party and a party opposing summary judgment are entitled to the benefit of any relevant presumptions that would be available at trial. Coca-Cola Co. v. Overland, Inc., 692 F.2d 1250, 1254 (9th Cir. 1982) (finding plaintiff, the party moving for summary judgment in a trademark infringement action, was entitled to the benefit of the "strong presumption of validity" attaching to registered trademarks and, in the absence of contrary evidence, plaintiff's burden to prove the validity of its trademark was satisfied on the strength of that presumption alone). However, such a presumption must rest on facts that are undisputed (*e.g.*, that the mark was registered) before summary judgment can be granted on that basis. Id.

### 2. Judicial Notice

Judicial notice may be taken of documents that are public records outside the pleadings and capable of accurate and ready confirmation by sources that cannot reasonably be questioned. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). However, to the extent their contents

are in dispute, such matters are not appropriate subjects for judicial notice. The parties dispute the scope of the court's ability to take judicial notice of certain of their evidentiary offerings in deciding the summary judgment motion. Federal Rules of Evidence 201 allows a court to take judicial notice of adjudicative facts. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." EVID. RULE 201(b); see Lee v. City of Los Angeles, 250 F.3d 668, 688-90 (9th Cir. 2001). Judicial notice is mandatory if a party requests it and supplies the necessary information. EVID. RULE 201(d); see Mullis v. U. S. Bankruptcy Court, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). The court has discretion to take judicial notice of adjudicative facts meeting the definition whether requested or not.[2] EVID. RULE 201(c). Examples of "adjudicative facts" which are "not subject to reasonable dispute" include records and pleadings from another court. However, the findings of fact made by that other court may not be judicially noticed because they do not qualify as facts "not subject to reasonable dispute" within the meaning of EVID. RULE 201(b). "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." M/V American Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983). The court may, however, judicially notice the existence and content of court files in another court. The legal effect of authenticated documents may also be judicially noticed.

Wajcman has presented Bankruptcy Court records which fall into the category of contents of court files in another court. Stich does not object to judicial notice of that court's records. However, how the court treats those records is subject to judicial notice limitations. While the *authenticity and existence* of a particular order, motion, pleading or judicial proceeding are judicially noticeable as

---

[2] Judicially noticed facts are one of two recognized exceptions to the rule that courts may not consider submissions extrinsic to the complaint in deciding a motion to dismiss without converting the motion into a Rule 56 motion for summary judgment. See Rule 12(b)(6); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The second well-settled exception is consideration of documents whose authenticity cannot be questioned and on which plaintiff's complaint "necessarily relies." Lee, 250 F.3d at 688-89; see also Pension Benefit Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3rd Cir. 1993) (holding that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if it is dispositive of plaintiff's claims).

1  matters of public record, the court may not take judicial notice of the *veracity and validity* of the
2  document contents (*e.g.*, the underlying arguments made by the parties, disputed facts, and findings
3  of facts and conclusions of law contained in such documents). U.S. *ex rel.* Robinson Rancheria
4  Citizens Counsel v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); *see also* Lee, 250 F.3d at 690
5  (a court may take judicial notice of another court's opinion, but not of another court's determination
6  of the truth of disputed facts recited in the opinion). In Lee, the Ninth Circuit found the district court
7  properly took judicial notice of the *fact* that a waiver was signed in a prior proceeding, but incorrectly
8  took judicial notice of the *validity of that waiver*, a disputed and as yet unproven fact.

9  "[D]ocuments are judicially noticeable only for the purpose of determining what statements
10 are contained therein, not to prove the truth of the contents or any party's assertion of what the contents
11 mean." U.S. v. Southern California Edison Co., 300 F.Supp.2d 964, 975 (E.D. Cal. 2004), *citing, inter*
12 *alia*, Wilshire Westwood Assocs. v. Atlantic Richfield Corp., 881 F.2d 801, 803 (9th Cir. 1989).
13 Similarly, a court may not take judicial notice of one party's opinion of how a matter of public record
14 should be interpreted. Partisan positions in litigation do not meet the definition of judicially
15 noticeable "facts." Courts will grant requests for judicial notice "to the extent they are compatible with
16 Fed. Rule Evid. 201 and do not require the acceptance of facts subject to reasonable dispute.'"
17 California ex rel RoNo, LLC v. Altus Finance S.A., 344 F.3d 920, 931 (9th Cir. 2003), *quoting* Lee,
18 250 F.3d at 690.

19 Wajcman requests the court take judicial notice of eleven items provided as exhibits to the
20 Request. Dkt No. 53. Stich argues Exhibit Nos. 1, 2, 7, 9, and 11 are either not properly the subject
21 of judicial notice at all or only their existence, not their content, can be judicially noticed. The
22 undisputed requests are **GRANTED**. The disputed requests are decided as follows:

23     Exhibit No. 1: A certified copy of a May 29, 1984 Complaint filed by Third National
24     Bank in Nashville, Tennessee against LSR, *et al.* Stich objects only the existence of the
25     Complaint can be judicially noticed, but none of its factual contents. The court judicially
26     notices the existence of the Complaint and the nature of the allegations made, but not the truth
27     of any factual contents.
28

| | |
|---:|---|
| 1 | Exhibit No. 2: Certified copy of a May 31, 1984 Writ of Execution and Possession |
| 2 | issued to the Sheriff of Wilson County, Tennessee by the Chancery Court. Stich objects only |
| 3 | the existence of the Writ can be judicially noticed. The court judicially notices the existence |
| 4 | of the Writ and the nature of the contents, but not the truth of its factual content. |
| 5 | Exhibit No. 7: Wajcman's Petition For Cancellation of the service mark "Bill |
| 6 | Lawrence" (Registration No. 2303676), USPTO Cancellation No. 92043516. Stich objects |
| 7 | first, the Petition is not "capable of accurate and ready determination by resort to sources |
| 8 | whose accuracy cannot reasonably be questioned" and therefore is not a proper subject of |
| 9 | judicial notice. That objection is overruled. The court may take judicial notice of documents |
| 10 | filed with an administrative agency. USPTO agency documents are public records which may |
| 11 | be judicially noticed. Moreover, the parties have admitted USPTO proceedings with respect |
| 12 | to that Petition are on-going. Stich further objects the copy provided is not certified and |
| 13 | therefore may not be judicially noticed. However, the parties do not dispute that Wajcman has |
| 14 | petitioned for cancellation of the "Bill Lawrence" service mark issued to Stich and that |
| 15 | proceedings are on-going at the USPTO with respect to that action associated with Wajcman's |
| 16 | (suspended) application to register the mark himself. Accordingly, the existence of a formal |
| 17 | dispute over the service mark is undisputed and has been made part of the record in |
| 18 | proceedings in this case, so the court elects to judicially notice (only) an unsettled cancellation |
| 19 | and registration dispute is memorialized by the document (resolving Stich's third objection to |
| 20 | judicial notice of the petition). |
| 21 | Exhibit No. 9: An August 3, 2005 USPTO Notice of Suspension of Wajcman's |
| 22 | application for the mark "Bill Lawrence" pending disposition of the proceedings to cancel |
| 23 | Stich's registration. For the reasons discussed with respect to Exhibit 7, but with the same |
| 24 | limitations on scope, the court overrules Stich's objections to judicial notice of that exhibit. |
| 25 | Exhibit No. 11: The summary page from a website for Wajcman's "The Lawrence |
| 26 | Connection" from the California Business Portal of the California Secretary of State. Stich |
| 27 | objects to judicial notice of the document because it is not certified. The objection is moot |
| 28 | because the court does not consider that exhibit for any portion of this ruling. |

Stich requests judicial notice of Bankruptcy Court dockets in two cases from the United States Bankruptcy Court for the Middle District of Tennessee in the matter of LSR and in the matter of Willi Lorenz Stich. Dkt No. 65. The dockets trace the activity in the two cases, both filed towards the end of 1981. Wajcman filed a Statement Of Non-Opposition to that request for judicial notice, but joins a request for judicial notice of selected documents corresponding to entries on those docket he provides as certified copies. The existence and nature of the documents are judicially noticeable, and the authenticity of the documents appears to be uncontested. The court takes judicial notice of the existence and content of the Bankruptcy Court records of which judicial notice is requested, but not of the veracity of any facts subject to reasonable dispute asserted in those materials.

### B. Evidentiary Objections

Wajcman filed an unauthorized "Separate Statement of Uncontroverted Facts" in support of his MSJ. Dkt No. 51. The court rejected that document as not compliant with this court's Standing Order. Dkt no. 54. Nevertheless, defendant Stich superfluously filed "Objections" to the rejected Separate Statement. Dkt No. 63. Those objections are **DENIED** as moot.

Stich filed discrete objections to 35 statements in the Wajcman Declaration filed in support of the Motion and asks the court to "disregard and strike" all but two (Nos. 1 and 17) of the eighteen exhibits Wajcman attaches to his Declaration. Dkt No. 58. Properly authenticated documentary evidence can be considered in deciding a motion for summary judgment. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 (9th Cir. 1989). Documents satisfying the Rule 56 requirements must "be authenticated by affidavits or declarations of persons with personal knowledge through whom they could be introduced at trial." Zoslaw v. MCA Distributing Corp., 693 F.2d 870, 883 (9th Cir. 1982). "A writing is not authenticated simply by attaching it to an affidavit," but rather the declaration itself must contain facts showing the declarant's connection with the matters stated therein to establish the source of the information represented to be provided on personal knowledge. Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988).

Although the basis for the court's ruling does not entail consideration of the Wajcman Declaration Exhibit Nos. 2-5, 16, or 18, with respect to those exhibits, the court overrules Stich's "lack of authentication or personal knowledge" objections to Exhibits 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

Wajcman declares he was either a signatory to the documents or has personal knowledge of how they came into existence and their intended purposes. The court overrules Stich's "best evidence" objections in reliance on Fed. Rules Evid. 1001 and 1002 to Exhibit Nos. 2-14, 16, and 18. Rule 1003 provides: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Stich attempts neither of those showings. Stich's relevancy objections to Exhibits 15-18 are also overruled.

With respect to the Stich objections to Wajcman's Declaration, referring to the listed items of testimony presented in Docket No. 58, the court overrules, overrules in context, or overrules as an admission Stich's hearsay or relevancy objections to Testimony Items 1-17, 19-23, 25, 32-35. The court overrules Stich's "lack of foundation/personal knowledge" objections to Testimony Items 4-7, 9-12, 15-17, 19-22, 24-25, 27, 32-34. The court sustains Stich's "lack of foundation/personal knowledge" or hearsay objections to Testimony Items 8, 18, 26 (with respect to the statement "Stich desired the sale," a statement that is also hearsay), and 31. The court overrules Stich's "best evidence" objections to Testimony Items 8, 19-20, 22, 24-26, and 29-30. The court overrules Stich's "calls for expert opinion" objections to Testimony Items 2, 11, 20, 24-28, 32-33, and 35.

Wajcman filed Objections And Motion To Strike portions of Stich's Declaration in support of the Opposition to the Motion.[3] Dkt No. 68. Wajcman lists 81 (eighty-one)[4] discrete statements in Stich's Declaration to which he objects. Forty-two of those items are challenged, among other things, as being "vague" with respect to a particular allusion. The court finds the "vague" objections to be without force for purposes of exclusion of evidence on a competency basis and ignores those

---

[3] The court overrules as patently unmeritorious Wajcman's objection that the Stich Declaration should be held inadmissible in its entirety for failure of the text of Stich's subscription under penalty of perjury to use the *exact* language of 28 U.S.C. § 1746. His subscription is stated to be "on penalty of perjury under the laws of the State of California and the United States of America that the facts set forth in this declaration are true and correct, based on my own personal declaration. . . ." Wajcman's suggestion the court must throw out as inadmissible the entire Declaration for Stich's failure to use the language "under penalty of perjury" instead of "on penalty of perjury" and his failure to use the phrase "the foregoing is true and correct" so far elevates form over function as to defy commentary. Wajcman also objects to Stich having presented his Declaration under his "nickname," Bill Lawrence. Stich substantiates in the text of the Declaration his official use of "Bill Lawrence" in certain circumstances. Stich Decl. ¶¶ 8-12. The objection is immaterial and overruled.

[4] Although Wajcman enumerates in his chart 89 discrete statements from the Stich Declaration, eight of those state "No objections" in the Objections column.

objections. The court overrules Wajcman's "irrelevant" objection to Testimony Items 2, 4-5, 7-9, 11-13, 19-20, 27, 34, 38, 46-48, 50, 53, 56, 65-69, 71, 76-81, 85-86, and 88. The court sustains Wajcman's "irrelevant" objection for purposes of this Motion to Testimony Items 21-23, 40-41, 61, and 73-75. The court overrules Wajcman's "improper expert opinion/legal conclusion" objections to Testimony Items 3, 13, 16, 18, 23, 35, 37, 39, 40, 42, 45, 55, 56, and 76. The court overrules his "lack of foundation/personal knowledge" objections to Testimony Items 3, 11, 13, 19-23, 27, 35-38, 40, 42, 44-45, 53, 55-56, 58-59, 63, 65, 67, 69, 73-77, 79, 82-83, 88, and 89. The court sustains Wajcman's "lack of foundation/personal knowledge" objections to Testimony Items 29, 31, 39, 41, 72, and 81. The court overrules his "hearsay" objections to Testimony Items 4-5, 18, 30, 33, 47-48, 53, 73, 83-85, and 88-89. The court sustains Wajcman's "hearsay" objections to Testimony Item 86 (with respect to a third-party's allegedly severe problems with his pickup). The court overrules Wajcman's "best evidence of contents of writing" objections under Evidence Rule 1002 to Testimony Items 4-6, 10, 12, 30-33, 44, 47, 63, 79, 84-85, and 88-89. In those instances, Stich either attaches an authenticated copy of the referenced document, or his testimonial reference to the document is for a primary purpose other than to characterize the contents, or the contacts at issue are not characterized as having been in writing (*see, e.g.*, Testimony Item 89). The court sustains Wajcman's "best evidence of contents of writing" objections to Testimony Items 18, 42, 52, 83, and 86.

Wajcman objects and moves to strike portions of the Declaration Of Gregory Richardson filed in support of Stich's Opposition. Dkt No. 66. Mr. Richardson is Stich's attorney in the on-going registration and cancellation of registration of the "Bill Lawrence" dispute before the USPTO. Wajcman repeats his meritless attack on the text of the "penalty of perjury" subscription, an objection the court overrules. *See* fn 3, above. The court overrules Wajcman's objection that Richardson's statement he "represent[s] Bill Lawrence before the Trademark Office" lacks foundation for the implication Stich's name is "Bill Lawrence." The court overrules the objections to Richardson's representation the "Lawrence [mark] is still valid and existing." Richardson has personal knowledge of the conduct and status of the proceedings surrounding the registration Stich obtained and of Wajcman's application to cancel that registration and to register the mark himself, matters currently pending before that agency. The court sustains Wajcman's "legal conclusion" objection to

1  Richardson's representation that the written consent of the individual whose name is sought to be used
2  in a registration by someone else is a necessary element, sustains his objection to Richardson's
3  representation Wajcman's application did not include Stich's (*aka* Bill Lawerence's) written consent
4  on grounds of lack of a showing of personal knowledge and best evidence, and sustains the lack of
5  foundation/ personal knowledge objection to Richardson's representation Stich never consented to the
6  registration application. Wajcman's other objections to the Richardson Declaration are overruled.

7  Finally Wajcman objects and moves to strike portions of the McIntyre Declaration Stich filed
8  in support of his Opposition. Dkt No. 67. Edward J. McIntyre, Esq. is Stich's counsel in this matter.
9  The court again rejects the subscription challenge for the same reasons as discussed above. *See* fn 3,
10 above. The court overrules Wajcman's objections to the testimonial portion of McIntyre's declaration
11 paragraphs 3-28 containing the required attestations that the copies of attached exhibits are "true and
12 correct copies" of what they purport to be. The relevancy and lack of personal knowledge objections
13 to McIntyre's statements regarding Stich's reputation as "Bill Lawrence" in the music industry need
14 not be reached. Viewing the Stich Declaration and the McIntyre Declaration together, the court
15 overrules the Wacjman's lack of foundation objections.

16 Wajcman also objects to seventeen of the twenty-seven Exhibits attached to the McIntyre
17 Declaration on grounds of "improper authentication" under Rule of Evidence 901 ("The requirement
18 of authentication or identification as a condition precedent to admissibility is satisfied by evidence
19 sufficient to support a finding that the matter in question is what its proponent claims"). The court
20 overrules Wajcman's "irrelevant" or "hearsay" objections to McIntyre Declaration Exhibit 4,
21 comparing side-by-side the copy of the Assignment document whereby Stich assigned, on September
22 21, 1978, "all right, title and interest to the trade name 'BILL LAWRENCE'" to Lawrence Sound
23 Research ("LSR") as it appears attached to Wajcman's Complaint with the materially different version
24 Stich has produced as the "True Version" to contest Wajcman's purported right to exploit the Bill
25 Lawrence trade name and trademark, a viable challenge to the authenticity or duration of any such
26 assignment. As for the others, the "improper authentication" objections are overruled for purposes of
27 this Motion. The issues in this case go to trademark and trade name and unfair competition claims the
28 resolution of which will depend on a finding of fact with respect to the legal ownership of those rights.

1   C.   **Ownership Of The Trademark And Trade Name "Bill Lawrence"**

Wajcman seeks summary adjudication of the issue who owns the trade mark and trade name "Bill Lawrence." The parties do not dispute that "Bill Lawrence" is Stich's professional name, derivative of his given name. Wajcman purports to trace, through documentary evidence and declarations, Stich's relinquishment of the trade name and trademark "Bill Lawrence" from an assignment in September 1978 to his company, Lawrence Sound Research, Inc. ("LSR"), through a series of transactions culminating in the loss of that asset to Third Bank, among other collateral, to satisfy security liens and bankruptcy proceedings. Wacjman then traces the subsequent assignments of rights to the "Bill Lawrence" trade name from Third Bank, culminating in his own acquisition for value of purportedly exclusive rights to the "Bill Lawrence" trade name and trade mark.

Stich categorically denies in a sworn Declaration he ever gave up his name: "I **never** assigned nor sold my name, Bill Lawrence, as a trademark to anyone. I never consented to Wajcman's attempted registration of "Bill Lawrence" as a trademark." Stich Decl. ¶ 3. Stich also contests the authenticity of certain of the documents Wajcman relies on to substantiate the chain of events he contends resulted in his purchase of the "Bill Lawrence" trademark by a direct successor in interest to the rights to the name, Degalim, Inc., a Wajcman company that allegedly purchased the "Bill Lawrence Mark" from Third National Bank in June 1984. Stich denies he ever approved or even knew of any sale of the name from Third National Bank to Degalim until discovery in this litigation. However, his knowledge or approval would not be a relevant fact if he had actually lost his legal interest in the trademark or trade name at that time, a fact disputed here. Both he and Wajcman have produced documentary evidence of Stich's own federal registration in December 1999 of the service mark "Bill Lawrence," provided as Exhibit 6 to Wajcman's Request For Judicial Notice, and Stich's own Exhibit 1. The parties have represented to the court that they are currently engaged in proceedings before the USPTO to resolve Wajcman's attempt to have Stich's registration cancelled and his own application for the mark registered.

Even assuming Stich has a valid service mark in the name, Wajcman argues for this court to recognize the distinction between Stich's use of "Bill Lawrence" in connection with *services* and Wajcman's own purportedly exclusive right to use of the "Bill Lawerence" name in connection with

1    *products*, and to summarily adjudicate that issue.  Even if he is unsuccessful in causing the
2    cancellation of Stich's service mark registration, Wajcman contends Stich has no right to interfere with
3    his use of the "Bill Lawrence" trade name and trademark associated with guitar-related goods and
4    pickups.  From the documentary and testimonial evidence submitted in support of and in opposition
5    to Wajcman's Motion on the dispositive and highly contested issue of ownership of the "Bill
6    Lawrence" mark as it is used by Wajcman and by Stich, it is impossible for the court to rule as a matter
7    of law no reasonable factfinder could find for only one of these parties on the current record.
8    Resolution of the multiple disputed issues of material fact and challenges to the authenticity of
9    documents is necessary before a record is substantiated against which to apply the substantive law
10   controlling the parties' claims and counterclaims.

11         Plaintiff as the moving party seeking summary adjudication of his claim for relief has the
12   burden of proof at trial and must make a "showing sufficient for the court to hold that no reasonable
13   trier of fact could find other than for the moving party."  <u>Calderone v. United States</u>, 799 F.2d 254, 259
14   (6th Cir. 1986) (citation omitted)  Stich has designated specific facts in opposition to show genuine
15   factual issues that "can be resolved only by a finder of fact."  <u>Anderson</u>, 477 U.S. at 250.  Stich
16   challenges the authenticity of the Assignment document Wacjman advances as the foundation to
17   establish Stich gave up his rights to the "Bill Lawrence" trade name and trade mark from which he
18   traces, through a series of transfers of those rights, his own purported acquisition of exclusive
19   entitlement to use the "Bill Lawrence" name on products.  Stich contends the Assignment document
20   has been altered to exclude an expiration date.  He produces a competing version of the same
21   document containing an additional sentence not found in the version Wajcman relies on.  Summary
22   adjudication of the parties' competing claims to ownership of the "Bill Lawrence" trade mark and trade
23   name is foreclosed by Stich's challenges to the evidentiary foundation for Wajcman's claims and his
24   own evidentiary showing in opposition to the Motion.  "On March 25, 1985, Degalim, Inc., and Third
25   National Bank assigned all of the rights, title and interest in 'copyrights, trademarks and tradenames
26   of Bill Lawrence and Lawrence Products and any derivation thereof" to Wajcman.  Compl. ¶ 26,
27   Compl. ¶ 59, Compl. Exh. 13.  That date falls more than six years after Stich's September 1978
28   assignment to LSR of the "Bill Lawrence" name, so that assignment would have no longer been in

effect under Stich's version of the initial assignment document. However, the parties dispute the effects on the fate of the "Bill Lawrence" name of the LSR transfers of assets, including trademark assets, through the bank's foreclosure on security and LSR's bankruptcy and Stich's additional security agreement with Third National Bank in July 1983 and the purchase by Degalim in June 1984 of those assets as the predecessor in interest to Wajcman's personal purchase of the name.

Wajcman has thus not established through uncontroverted evidence all the essential elements to substantiate his ownership claim, as he must do to warrant summary judgment in his favor, that he has exclusive ownership rights to the "Bill Lawrence" trademark and trade name. The court may not make findings of fact in ruling on a summary judgment motion. The effectiveness of each successive purported assignment of those rights, up to and including Wajcman's alleged acquisition through Degalim of the "Bill Lawrence" trademark and trade name, is subject to a factfinder's resolution of Stich's various challenges. Without expressing any opinion on the merits, the court finds triable issues of material fact preclude summary adjudication of the "Bill Lawrence" trademark or trade name ownership issue.

### D. Liability As To Claims And Counterclaims

The answer to the question who owns the "Bill Lawrence" trademark and trade must be established by a fact finder before any liability issues can be addressed. Accordingly, Wajcman's requests that the court summarily adjudicate Stich's liability as to his claims and summarily adjudicate his own non-liability as to Stich's counterclaims are **DENIED**.

### III. CONCLUSION AND ORDER

For all the foregoing reasons, plaintiff's Motion For Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED: 11-22-06

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc: MAGISTRATE JUDGE CATHY ANN BENCIVENGO
ALL COUNSEL OF RECORD