1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

12 | JZCHAK N. WAJCMAN,                    )    Civil No.05CV1200-LSP
                                        )
13 |                     Plaintiff,      )
   | v.                                  )    **ORDER FINDING PLAINTIFF AND**
14 |                                     )    **DEFENDANT IN BREACH OF THE**
   | WILLI LORENZ STICH,                 )    **SETTLEMENT AGREEMENT**
15 |                                     )
   |                     Defendant.      )
16 | ——————————————————————             )

17        Pursuant to the parties' consent to this Court's jurisdiction to interpret and enforce the terms of

18   their settlement, the Court has undertaken a review of their respective allegations the opposing side has

19   breached one or more terms of the settlement agreement.  After an initial exchange of briefing, a hearing

20   was held on March 5, 2008.  (Doc. 142).  The Court determined it required additional information and

21   briefing on two topics: 1) whether Plaintiff and counsel attempted to meet and confer in good faith

22   regarding Defendant's concern that Plaintiff was not in compliance with paragraphs 19, 21 and 22 of the

23   agreement, and 2) whether Defendant's use of the Bill Lawrence service mark violates the settlement

24   agreement.  Submissions have been received from both parties on each subject.  As set forth below, the

25   Court concludes that Plaintiff has breached the settlement agreement with respect to the first item and

26   Defendant has breached the settlement agreement with regard to the second.

27   / /

28   / /

## I.   Plaintiff & Counsel Failed to Engage in a Good Faith Effort to Resolve the Parties' Dispute

At the hearing on March 5, 2008, the Court determined Plaintiff failed use adequate disclaimers and dba designations on products and promotional materials and, therefore, had violated paragraphs 19, 21 and 22 of the settlement agreement.  (Doc. 142).  During the hearing both parties contested whether the opposing side had attempted to resolve their dispute on this issue prior to Defendant seeking the Court's intervention, as required by paragraph 32 of the settlement agreement.

A review of the joint chronology and communications between counsel reveals that at least as early as July 26, 2007, Mr. Richardson contacted Mr. Quinn regarding concerns that Plaintiff's website failed to use the required disclaimer or dba designation.  (Chron. 11).  The concerns were raised again on July 28 (Chron. 31 - 43), August 1, (Chron. 49 - 51), August 3, (Chron. 56) and August 9, 2007 (Chron. 63 - 64).  Nonetheless, Plaintiff failed to respond in any meaningful fashion, taking the position that discussions regarding compliance would have to wait until after the parties had executed the settlement agreement.  (Chron 44 - 46).  Plaintiff's refusal to discuss the merits of Defendant's concerns was unreasonable.  The settlement was entered in to on the record on May 10, 2007, and was binding as of that day.  Although the parties elected to further document their settlement by way of a written agreement, the preparation and execution of that document was not a condition precedent to the parties' obligations under the settlement agreement.  Therefore, the Court finds that Plaintiff and his counsel did not engage in a good faith effort to resolve the dispute.  However, because Defendant has not shown any damages resulting from Plaintiff's failure to meet and confer, the Court declines to impose sanctions at this time.

## II.   Defendant's Use of the "Bill Lawrence" Service Mark Violates the Parties' Settlement

The parties have also submitted briefing as to whether Defendant's use of the Bill Lawrence service mark in connection with the sale of guitar pick-ups infringes Plaintiff's trademark rights and, therefore, violates the parties' settlement agreement.  As set forth below, the Court concludes it does.

Defendant's arguments predicated on U.S.P.T.O. authorities have no bearing on this issue. These authorities are relevant to the issue as to whether the specific use of a mark in commerce is of the nature necessary to support the issuance of a trademark registration.  The issue here is not whether Defendant is using "Bill Lawrence" in a manner that would establish he has trademark rights to its use.

1  Any question between the parties as to ownership of trademark rights in "Bill Lawrence" was resolved

2  by virtue of their settlement agreement.

3       Defendant's argument that Plaintiff has failed to use appropriate disclaimers is also off topic.

4  The Court has already concluded Plaintiff breached the parties' settlement with respect to his failure to

5  use proper dba designations and disclaimers.  While Plaintiff's actions may have created confusion in

6  the marketplace, what Plaintiff did or did not do is not relevant to the question as to whether Defendant

7  has fulfilled his obligations under the settlement.  To coin from a lesson oft taught in the formative

8  years, "two wrongs do not make a right."

9       The parties have acknowledged that Plaintiff owns the common law trademark "Bill Lawrence"

10  and has the right to enforce that trademark with respect to products. *Settlement Agreement*, para. 8.  He

11  may not use his trademark to prevent the use of "Bill Lawrence" or any derivative of it as a service

12  mark. *Id.* at para. 9.  The "Bill Lawrence" service mark is owned by Defendant, which he is permitted

13  to use in connection with services.[1]  *Id.* at para. 1 and 7.

14       Defendant's use of the "Bill Lawrence" service mark in connection with the marketing and sale

15  of guitars and guitar related products, including specifically Keystone and Wilde pick-ups, his direct

16  sale of guitar related products, including pick-ups, from the website www.billlawrence.com, and his

17  reference to these products as "Bill Lawrence pick-ups," "Bill Lawrence products," "Lawrence's

18  products," or "BL products" violates both the spirit and plain language of the parties' agreement, as well

19  as the common law trademark rights Defendant acknowledges are held by Plaintiff.  Defendant's use of

20  "Bill Lawrence" in this context has trademark connotations.   It implies the owner of the "Bill Law-

21  rence" trademark is the source of the goods being advertised, sold or marketed and, therefore, is likely to

22  cause confusion in the marketplace.

23       This is not to say that the settlement agreement prohibits Defendant from ever using his

24  performing name in connection with the sale of pick-ups or other guitar related products.  The parties

25  expressly contemplated that Defendant would continue to sell this type of product, including specifically

26  Keystone and Wilde pick-ups.  Thus, Defendant's use of the Bill Lawrence name, or derivatives thereof,

27
28
       [1]  The registered Bill Lawrence service mark is for "(t)echnical consulting in the nature of design
and evaluation of stringed musical instruments and accessories, namely pick-ups, strings and bridges."
U.S.P.T.O. Reg. No. 2303676.

3

1  in connection with the marketing and sale of these products is permissible *if* utilized in a descriptive

2  fashion, e.g. "Keystone pick-ups designed by Bill Lawrence," "Keystone pick-ups manufactured by Bill

3  Lawrence," or "Keystone pick-ups endorsed by Bill Lawrence."   Furthermore, use of the Bill Lawrence

4  name in connection with the name Becky, e.g. "Becky and Bill's pick-ups," is sufficiently distinct from

5  the Bill Lawrence trademark so as not to run afoul of the parties' settlement.

6       Plaintiff contends the settlement agreement prohibits Defendant from offering for sale, selling

7  advertising or promoting guitar pick-ups, musical instruments, or musical instrument accessories on the

8  website www.billlawrence.com or from linking any part of www.billlawrence.com to any other website

9  that engages in any of these activities.  The Court agrees with the former to the extent it relates to guitars

10  and guitar related products, but disagrees with the latter.[2]  The primary purpose and content of the

11  www.billlawrence.com website must relate to something other than the promotion or sale of guitars,

12  guitar pick-ups or other guitar related products, but could, as an example, promote Defendant's design

13  services.  Very limited marketing of guitars, pick-ups or other guitar related products on

14  www.billlawrence.com is permissible *so long as* the marketing is consistent with the above consider-

15  ations and is generally restricted to providing a link to another separate and appropriately named website

16  at which the products are appropriately promoted and sold.

17       Based on the foregoing, Defendant is hereby ordered to cease using "Bill Lawrence" and

18  www.billlawrence.com in a manner that is inconsistent with the parties' settlement and this order.  No

19  later than May 14, 2008, Defendant shall bring the website and any other vehicles or methods used for

20  the promotion or sale of guitars, guitar pick-ups or other guitar accessories in compliance.  Because

21  Plaintiff has not established any damages resulted from Defendant's breach of the settlement agreement,

22  the Court declines to impose sanctions at this time.

23  DATED:  April 14, 2008

24

25                                              _____
                                                Hon. Leo S. Papas
26                                              U.S. Magistrate Judge

27

28       [2]  Plaintiff seeks to enjoin Defendant from using the www.billlawrence.com website to promote
or sell all musical instruments or musical instrument accessories.  Plaintiff has made no factual showing
to establish that Defendant is engaged in the business of promoting or selling instruments or accessories
other than those in his area of expertise – the guitar.  Therefore, the Court limits its analysis and findings
to guitars and guitar related products only.