UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JZCHAK N. WAJCMAN d.b.a. BILL LAWRENCE PRODUCTS and d.b.a. BILL LAWRENCE GUITAR PICKUPS,<br><br>　　　　　　Plaintiff,<br>v.<br><br>WILLI LORENZ STICH,<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM | Civil No.05CV1200-LSP<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS RELATING TO PLAINTIFF'S ALLEGED FAILURE TO TAKE ACTION WITH THE U.S.P.T.O. AS REQUIRED UNDER THE PARTIES' SETTLEMENT (Doc. No. 159)** |

Pursuant to the Court's jurisdiction to enforce the parties' settlement Defendant and Counter-Plaintiff Willi Lorenz Stich seeks sanctions be imposed as to Plaintiff and Counter-Defendant Jzchak Wajcman, contending Mr. Wajcman violated the parties' settlement by failing to timely suspend or withdraw his trademark registration application with the United States Patent and Trademark Office ("USPTO"). Briefing has been submitted by both parties. (Doc. 159, 160, 162 and 163).

*DISCUSSION*

The parties to this action are former business partners with a decades long history of joint or overlapping commercial activity in guitar pickup and related products and services businesses that are associated with the trade name "Bill Lawrence." Mr. Stich, who owns a registered service mark for Bill

1

1  Lawrence, claims the name as his own.  Mr. Wajcman, on the other hand, claims he acquired exclusive
2  rights to the "Bill Lawrence" trademark and trade name.  In addition to the claims made in this lawsuit,
3  Mr. Wajcman initiated filings with the USPTO asserting rights to "Bill Lawrence."  Mr. Wajcman
4  initiated a cancellation proceeding against Mr. Stich's registered service mark and also made his own
5  application for trademark registration.

6  After two years of contentious litigation and a settlement agreement between the parties that
7  failed before it could be finalized the parties were referred to this Court for a settlement conference in
8  early 2007.  Extensive settlement discussions between the parties resulted in an agreement on May 10,
9  2007.  The terms were recited on the record and the parties' stipulated to the Court's jurisdiction to
10 interpret and enforce the agreement.  (Doc. 131).

11 In general terms the parties agreed to settle the claims made against one another in this action by
12 striking a deal whereby each would continue to use the name "Bill Lawrence" in a limited defined
13 capacity.  The concept was that both parties would continue to do business and would co-exist in a non-
14 competitive manner.  Each would promote his respective products or services in such a manner and in
15 the case of Mr. Wajcman with certain d.b.a. designations and disclaimers, so as to minimize confusion
16 in the marketplace.  Mr. Stich retained rights to his federally registered service mark Bill Lawrence,
17 including the right to enforce that mark with respect to services. *Settlement Agreement*, para. 1.  The
18 parties further agreed that Mr. Wajcman owns common law trademark rights to "Bill Lawrence" and has
19 the exclusive right to enforce his rights with respect to products.  *Id.*, para. 8, 11.

20 Pursuant to the settlement, Mr. Wajcman was required to withdraw with prejudice the cancella-
21 tion proceeding he had initiated against Mr. Stich's service mark.  *Id.*, para 14.  He also agreed to
22 suspend his pending trademark application for "Bill Lawrence" and, in the event the USPTO did not
23 allow the suspension, he would withdraw his application without prejudice.  *Id.*, para. 15.

24 **I.      Mr. Wajcman Shall Withdraw His Trademark Application Within 14 Days**

25 Mr. Stich claims Mr. Wajcman has breached the settlement because he has not withdrawn his
26 trademark application and, instead, argues the merits of his application in filings with the USPTO, citing
27 to a submission by Mr. Wajcman's counsel to the USPTO made on July 27, 2007. [Defendant's Ex. C].
28 These arguments were raised by Mr. Stich nearly a year ago.  On March 5, 2008, after briefing by the

parties and a seven and a half hour hearing regarding this and other alleged violations, the Court found Mr. Wajcman had breached both paragraphs 14 and 15 of the agreement by failing to timely take all required action with regard to the USPTO actions. (Doc. 142). Because Mr. Stich failed to establish he sustained any economic injury as a result of this delay, no sanctions were imposed. *Id.*

Mr. Stich's arguments largely echo the arguments that were previously considered. As was the case before, he does not establish Mr. Wajcman's breach resulted in any economic injury. Although the Court does not condone Mr. Wajcman's behavior, Mr. Stich's arguments do not offer any new evidence of a breach or a basis for an award of sanctions.

The Court observes the USPTO issued an office action on Dec. 2, 2008, after briefing was received by the parties, denying Mr. Wajcman's request for a suspension pursuant to the settlement agreement. Mr. Wajcman is ordered, therefore, to seek withdrawal of his application within fourteen calendar days from the date of entry of this order. Plaintiff is cautioned that a failure to timely comply with this order may result in the imposition of sanctions in the amount of $100 per day.

## II.   Jurisdiction over the Parties' Settlement Will Cease in Six Months

When the parties entered in to their agreement, it was the Court's belief they intended to resolve for once and for all their differences. Since that time, both have repeatedly demonstrated that neither has any interest in abiding by the terms of their settlement. Instead they have elected from the outset to continue their long standing dispute, utilizing the Court's jurisdiction to do so.

Despite having recited the settlement terms on the record, the parties were unable to agree upon a written version. After nearly eight months of "back and forth," their dispute necessitated a lengthy hearing to resolve their outstanding differences. Since then, the parties have returned to the Court again and again contending violations by the other. Both parties have alleged the other's use of "Bill Lawrence" breaches their agreement. Mr. Stich complains of Mr. Wajcman's dilatory practices with the USPTO actions, whereas, Mr. Wajcman has alleged Mr. Stich breached the agreement by filing lawsuits against several of Mr. Wajcman's clients. Both also charge the other fails to meet and confer in good faith prior to bringing allegations regarding compliance to the Court's attention.

While not all the allegations have merit, the Court has found evidence of unclean hands by both sides. In addition to finding Mr. Wajcman failed to take timely action with regard to the USPTO

actions, the Court ruled Mr. Wajcman's marketing and sales practices breached paragraphs 19, 21, and 22 of the agreement. (Doc. 142). Mr. Stich has also breached the settlement through his use of "Bill Lawrence." (Doc. 144). Furthermore, <u>both parties</u> consistently fail to comply with their obligation to meet and confer regarding their differences.

The parties have demonstrated they can not coexist in society or commerce. Neither has displayed any inclination, willingness or intention of laying to rest their long running feud. They have made no effort to try to live in peace with each other as they represented to the Court and each other they would do as part of the settlement. Instead they have done just the opposite. They have elected to use the settlement and the Court's jurisdiction as a tool to vex and irritate the other party and in the process, have consumed copious amounts of time and wasted judicial resources.[1] The Court has exhausted its patience and willingness to referee the continued and mean-spirited bickering between the parties and will not continue to preside indefinitely as the arbiter of the parties' vendetta. Therefore, the parties are advised the Court will continue in its current capacity until July 31, 2009. Thereafter, the Court will no longer exercise jurisdiction over the parties and their settlement.

## *CONCLUSION*

Based on the foregoing, Mr. Stich's request for sanctions is DENIED. Mr. Wajcman is ordered to seek withdrawal of his application for trademark registration of "Bill Lawrence" <u>within fourteen calendar days from the date of entry of this order</u>. <u>Any further violations of this nature may result in the imposition of sanctions in the amount of $100 per violation</u>.

DATED: December 22, 2008

_____
Hon. Leo S. Papas
U.S. Magistrate Judge

---

[1] In addition to the innumerable calls, emails and personal visits, the parties' unwillingness to abide by their settlement has necessitated extensive briefing, numerous hearings and countless hours of the Court's time. Hearings were held on January 7, 2008 (lasting 2 hours 15 minutes), March 5, 2008 (7 ½ hours), and September 11, 2008 (1 hour 20 minutes) and September 17, 2008, and the parties have requested further briefing and hearings regarding additional alleged violations.